The opinion of the court was delivered by
Parlange, J.
This is an opposition by John R. Oonway to the account filed by the administrator of the succession of Myra Clark Gaines. The opponent claims $1500 for services which he avers that he rendered the decedent. He alleges that “shortly before August, 1877, she employed him to present her demands against the city of •New Orleans for rents and revenues and other indebtedness arising out of or connected with the litigation known as the Gaines case.” He alleges that under said employment he presented to the Common Council of the City of New Orleans, on August 10, 1877, a petition prepared by himself, setting forth the demands of decedent and the reasons why the same should be liquidated. That on September 24, 1877, said employment was confirmed in writing and opponent’s compensation was fixed at $5000 in case of success. That neither opponent nor decedent was able to secure the contemplated settlement, and that negotiations of a different character were suggested, opponent being frequently consulted by decedent during Said negotiations. That said employment continued up to the date of dece *1425 dent’s death, and that “although a stipulated sum was fixed in case .of success, yet-it was not the understanding that opponent was to receive no remuneration for his services in case the city of New Orleans did not accept the first proposition advanced, but on the contrary, compensation in any event was contemplated and is due; •that the sum to which opponent is entitled for said services is at least $1000. That opponent in addition was frequently employed and consulted from the year 1877 to the death of said Myra Clark Gaines, concerning' other interests and matters, interviewing capitalists, explaining to them the character of the claims of Mrs. Gaines, with .a view to enabling her to raise necessary funds ; that said other services, were, frequent and continuous, without specific memoranda as to dates.”- The latter services are' alleged to be worth $500.
The evidence in support of. the claim consists of the testimony of the opponent, corroborated as to the general matter, of the alleged employment by another witness, who testifies that Mrs. Gaines told him that she had employed the opponent to act for her in connection with her claim. The opponent offered in evidence a copy of a public newspaper published in the year 1877, containing the above mentioned petition of decedent to the City Council, which petition opponent prepared for hér.
■ The only services shown by the testimony in an appreciable manner are the preparation of the petition and its presentation to the City Council in the year 1877, and calls which the opponent made upon officials of the municipal government with a view of pressing the petition upon their attention. We are satisfied from the evidence that, as regards the above mentioned petition, no appreciable service was rendered within ten years from the filing of the opposition. The petition is not a lengthy one and its contents do not show that special skill and knowledge were required to compose it, or that much labor was expended upon it. On behalf of the administrator, it is testified that the bill in equity on which the money now under administration was collected, was filed in the United States Circuit Court in August, 1879, the final decree being rendered in said court in May 1883. On appeal to the Supreme Court of the United States, the matter was the subject of two decrees, one rendered in May, 1889, and the last and final one in 1891. The opponent not being a lawyer, and making no claim in such capacity, it *1426 seems clear that he could not have rendered decedent any service in the matter of her claim, under the employment first set out in the opposition, after the bill in equity was filed. Decedent employed opponent in 1877 to undertake a settlement or compromise of her claim with the City Council, but it seems clear that all hope of effecting such a compromise must have been abandoned prior to the filing of the bill in equity.
As regards opponent’s claim for services in interviewing capitalists, etc., he admits that he did not succeed in borrowing any money for the decedent, and we consider the testimony as insufficient to support a judgment on that part of the claim.
Opponent’s counsel contends in his brief that prescription did not run because Mrs. Gaines was not to pay opponent until her claim was realized. Opponent testified that decedent told him that she would compensate him “out of the collection of this claim,” and “when she realized the money from the city.” In his opposition opponent avers, as stated, that his employment was confirmed in writing on September 24, 1877, and that his compensation, in case of success, was fixed at $5000. We have sought in vain in the record for this writing. If such a writing had been produced it would perhaps have created an irresistible presumption that compensation was to be made only in case of success. Opponent was employed to settle the claim in a particular way. He was unsuccessful. He was not even remotely instrumental in bringing about the collection of the claim, which was effected through the courts.
The act of 1858 to require written proof in certain cases, now Art. 2278 O. O., has been declared to be a law of public order. 23 An. 747; 26 An. 221, and see 34 An. 228 and 232.
The plea of prescription in this case must prevail.
It is therefore ordered, adjudged and decreed that the judgment of the lower court dismissing said opposition of John R. Oonway be and the same is hereby affirmed at appellant’s costs.